INHABITANTS OF MENDON *vs.* COUNTY COMMISSIONERS OF WORCESTER.

If by an erroneous ruling of county commissioners the rights of a party are injuriously affected, a writ of *certiorari*, to be issued in the exercise of a sound discretion, is the appropriate remedy, to bring before this court the record of their proceedings, accompanied by a statement of their ruling, when there is no mode provided by law to bring up such questions by appeal, exceptions or otherwise.

PETITION for *certiorari*, representing that certain inhabitants of the town of Mendon, by a petition addressed to the selectmen thereof, represented that a town way, as therein described, and within the limits of Mendon, was demanded by public

convenience and necessity; that the selectmen, after notice, laid out the way, and reported the same to the town at a public meeting, but the town unreasonably neglected and refused to allow and approve the same, whereupon the petitioners applied to the county commissioners, alleging that they were aggrieved by the refusal, and asked that the commissioners should approve the same; that the commissioners, after notice, met, and with the selectmen proceeded to view the route of the contemplated way, and the petitioners called two witnesses who testified in relation to a certain road in Milford, with which it was to connect, and introduced no other evidence; and the commissioners then announced, as their ruling in the case, that "the burden of proof was upon the town of Mendon, to show that the prayer · of the petitioners ought not to be granted; and the fact that the selectmen of said Mendon had located said town way was *prima facie* evidence of the public convenience and necessity of said way, to be controlled and modified or annulled by testimony which they would allow the town to introduce to show that the selectmen were in error, or had done wrong, in laying out said way;" that the hearing thereupon closed; and the commissioners considered and adjudged that the "town of Mendon had not shown any good and sufficient cause or reason why this way, as laid out by the selectmen of the said town, should not be approved and allowed by said county commissioners; therefore said commissioners do hereby approve and allow the same," &c.

It was conceded that the facts set forth in the petition were true, and it was not now contended that the ruling of the county commissioners was correct.

*P. C. Bacon*, for the petitioners.

*G. F. Hoar*, for the respondents, submitted the case without argument.

BIGELOW, C. J. This case presents an important question of practice. It appears by the petition that the error, to correct which it is claimed that a writ of *certiorari* ought to issue, was not in any matter apparent on the record, or in the course of the proceedings of the commissioners in giving notice to parties

interested, but in an erroneous ruling by them in matter of law, relating to the burden of proof and the effect to be given to the act of selectmen in laying out a town way, which the petitioners sought to have revised by the commissioners. It is true that the remedy of *certiorari* in our practice has been chiefly confined to cases where some error or defect in proceedings in their nature judicial, which are not according to the common law, appears on the record. But we are of opinion that the remedy is not necessarily confined to that class of cases. Indeed if it were, parties would be wholly without any remedy in all cases when the law gives them no right of appeal, or of exception, or any other mode of presenting questions of law for revision by a higher tribunal, arising in proceedings which do not appear on the record. It is obvious that such questions may deeply affect the rights of persons, and that there ought to be some mode of correcting errors which may be made in passing upon them. It would be a serious defect in the administration of justice, if no means were provided by which parties aggrieved could bring up before this court any matter of law, except such formal errors and defects as might be shown on the face of proceedings. But no such defect exists in our jurisprudence. By Gen. Sts. *c.* 112, § 3, a general superintendence is given to this court, of all courts of inferior jurisdiction, to correct and prevent errors and abuses therein, when no other remedy is expressly provided, and for this purpose to issue writs of error, *certiorari, mandamus, &c.,* necessary to the furtherance of justice. This broad and general authority was doubtless conferred for the purpose of enabling this court to bring before them any proceedings of judicial tribunals, when there was no special mode prescribed for revising and correcting them. We do not mean to say that on a *certiorari* a party could claim as a matter of right to have a decision or ruling of an inferior tribunal reversed, as in case of an appeal or exceptions, merely for the reason that it was not strictly accurate, or did not exactly conform to the rules of law. The granting of a writ of *certiorari* is always addressed to the sound discretion of the court; and it will not be granted unless it appears that some

error has been committed which affects the rights of parties injuriously, and where justice requires that it should be corrected.

In this case, as the commissioners did not proceed according to the course of the common law, and there is no mode provided by law for correcting the alleged error by means of an appeal, exceptions or otherwise, a writ of *certiorari* is the appropriate remedy to bring their proceedings before us. The ruling of which the petitioners complain was clearly erroneous, and injuriously affected their rights. The writ will therefore be issued, containing a precept to the commissioners to certify their record to this court, accompanied by a statement of the ruling made by them on the point set out in the petition. *Dow* v. *True*, 19 Maine, 46. *Niblo* v. *Post*, 25 Wend. 280. *Leroy* v. *Mayor*, &c., *of New York*, 20 Johns. 430.